José V. Usera, Petitioner and Appellant, v. Jorge Bird Arias et al., Respondents and Appellees.

No. 4702. Argued January 23, 1929.—Decided July 23, 1929.

Henry G. Molina, M. León Parra and A. E. Molina, for appellant. Arturo Aponte and Jaime Sifre, Jr., for appellees.

Mr. Justice Hutchison delivered the opinion of the court.

José V. Usera applied for a mandamus to compel Eladio J. Candal as comptroller and Jorge Bird Arias as director, vice-president and general manager of the Fajardo Sugar

Company of Porto Rico to permit an inspection of the stock and transfer books of the corporation.

An alternative writ was issued and subsequently quashed by the district court.

At the hearing on May 21, 1928, plaintiff introduced in evidence a stock certificate issued directly to him on February 25, 1928. The certificate contains the usual provision that it is transferable only upon the books of the company in person or by attorney upon surrender thereof duly endorsed. Reference is made to the certificate of incorporation of the company, a copy of which is said to be on file at the office of the corporation in the city of New York. The stock certificate is signed by the assistant secretary and by the president of the corporation, both of whom reside in New York. It purports to have been registered on February 27, 1928, by the National City Bank of New York, and is countersigned by the bank, acting through an assistant cashier as registrar. Plaintiff, a resident of Porto Rico, purchased the stock in New York through New York brokers. The previous holder thereof was unknown to plaintiff. The new certificate when issued was sent to him by its brokers.

When Usera appeared at the principal office of the corporation in Fajardo on May first the comptroller, Candal, told him that the reason his name did not appear upon the transfer book undoubtedly was because the Fajardo office had not yet received from New York the "records of recent transfers." A part of Candal's testimony at the hearing is corroborative of this statement.

Plaintiff also introduced in evidence a dividend check. It follows:

"No. 605. New York, May 1st., 1928, Dividend No. 37. NATIONAL CITY BANK OF NEW YORK.

"Pay to the order of José V. Usera, the sum of $25 and 00 cts. Dollars. The Fajardo Sugar Company of Porto Rico. (s) John B. Warnock, Treasurer. (s) John Bass, Assistant Treasurer.

"Being payment of dividend of $2.50 per share payable this day

upon stock of the Fajardo Sugar Company of Porto Rico standing in your name at the close of business as of April 20, 1928."

Warnock and Bass are also directors of the corporation. Both reside in New York.

It is a fair inference from the foregoing that plaintiff was a stockholder of record upon the books of the corporation. It is conceivable that the corporation might have waived the usual prerequisites to the issuance of a new certificate and the payment of dividends, but there is no presumption in favor of such a waiver. On the contrary, the presumption is that the ordinary course of business has been followed. Law of Evidence, section 102 subdivision 20.

Eladio J. Candal, as a witness for defendants, stated that the name of plaintiff did not appear as a stockholder upon the stock and transfer books of the corporation in the Fajardo office. That is the only defense. It does not overcome the prima facie case as made by plaintiff.

Sections 12 and 20 of the Corporations Law are set forth in full in *Usera* v. *Bird et al., ante,* page 27. Section 12 says that, if the by-laws or articles of incorporation so provide, the directors may keep the books of the corporation "except the stock and transfer books, outside of the Island of Porto Rico: *Provided, however,* That every such corporation shall maintain a principal office in the island and have an agent in charge thereof, wherein shall be kept the stock and transfer books for the inspection of all who are authorized to see the same and for the transfer of stock." The pertinent portion of section 20 is that—

"Every corporation organized under this act shall keep at its principal office in the Island of Porto Rico transfer books, in which the transfer of shares of stock shall be registered, and stock books which shall contain the names and addresses of the stockholders and the number of shares held by them, which shall at all times during the usual hours of business be opened to the examination of any stockholder . . . The books aforesaid shall be the only evidence as to who are the stockholders entitled to examine such books . . ."

The rule of evidence here laid down presupposes full compliance with the preceding requirements of the law. It may be conceded that the law does not forbid the keeping of a stock certificate book or the making of memoranda upon the stubs thereof, or the keeping of a journal or ledger or even of duplicate stock and transfer books in New York in which original entries are made before the transfers are recorded in this Island. If, however, the statute can be so liberally construed as to sanction a resort to such methods as a matter of convenience, the corporation at least must cause the stock and transfer books at its principal office in Porto Rico to be kept up to date. At the time of the trial in the instant case something less than three months had elapsed from the date of the transfer on the books of the corporation in New York. The agents and head officers of a corporation which has openly disregarded the statutory requirement that all transfers of stock shall be registered and that the names and addresses of all stockholders and the number of shares held by them shall be recorded in books to be kept in Porto Rico for that purpose can not take shelter behind the statutory rule that "the books aforesaid shall be the only evidence as to who are the stockholders entitled to examine such books."

The judgment appealed from must be reversed.